**SIGNED THIS: April 15, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LARNEISHA K. JOHNSON, | ) | No.  08-83241 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MARKETVIEW MOTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 09-8010 |
| | ) | |
| LARNEISHA K. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

The primary issue in this Chapter 13 case is whether a debtor may modify the rights of a creditor holding a 910 claim by reducing the contractual interest rate down to a *Till* rate.  The Debtor, Larneisha K. Johnson (DEBTOR), concedes that Marketview Motors, Inc. (MMI), holds a secured claim protected by the hanging paragraph which immediately

follows Section 1325(a)(9) of the Bankruptcy Code and provides that Section 506 shall not apply to such a claim. MMI provided the DEBTOR prepetition financing to purchase a 1999 Isuzu Amigo at a contract interest rate of 23.898% and filed a claim asserting a petition date balance of $10,759.71. Although the Plan proposes to pay the full amount as an allowed secured claim, it reduces the interest rate to 6%.

MMI contends that the hanging paragraph precludes any interest rate reduction, relying on *In re Wright,* 492 F.3d 829 (7th Cir. 2007). In particular, MMI seizes upon the court's statement that ". . . we think that, by knocking out § 506, the hanging paragraph leaves the parties to their contractual entitlements." *Id.* at 832. As one of its contractual entitlements, argues MMI, the contract interest rate may not be modified.

Modification of interest rate, however, was not at issue in *Wright.*[1] The debtors were not proposing to retain and pay for the vehicle in question. Instead, their plan proposed surrender of the vehicle in full satisfaction of the debt without any right of the creditor to have an allowed unsecured claim for a deficiency balance. The argument for allowing the plan to eliminate the potential unsecured claim, by reason of Section 506's inapplicability, was consistent with the majority view held by bankruptcy courts at that time. *Id.* at 830.

Adopting the minority view, the Seventh Circuit held that the hanging paragraph does not operate to deprive a creditor whose collateral is surrendered in a Chapter 13 plan of the right to have an allowed unsecured claim for a deficiency balance. The hanging

---

[1] As a preface to its discussion of the deficiency claim issue, the Seventh Circuit did reiterate the general proposition that a Chapter 13 debtor may retain collateral by making monthly payments "with a rate of interest that the judge will set (rather than the contractual rate)." *Wright,* 492 F.3d at 830, citing *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997) and *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed2d 787 (2004). This statement, particularly the parenthetical, contradicts MMI'S position.

paragraph's effect on the proper interest rate to be paid to a secured creditor where the collateral is being retained by debtor is not part of the holding in *Wright.*

Moreover, the court's statement that the hanging paragraph leaves the parties to their contractual entitlements is made purely in the context of resolving the issue of an unsecured deficiency. That statement is cast as a rebuttal to what the court perceived as a mistaken assumption made by the majority of bankruptcy courts "that § 506 is the *only* source of authority for a deficiency judgment when the collateral is insufficient." *Id.* at 832. In this Court's view, MMI takes the Seventh Circuit's statement out of context and its suggested interpretation of that statement is overbroad and in error.[2]

Section 506 deals with the determination of a creditor's secured status, providing specifically for the bifurcation of an undersecured claim into a secured claim tied to the value of the collateral and an unsecured claim for the deficiency balance. The statutory provision that provides for the payment of interest on secured claims in Chapter 13 plans is Section 1325(a)(5)(B)(ii). The provision that empowers a Chapter 13 debtor to modify a secured creditor's contractual rights is Section 1322(b)(2). So the hanging paragraph's elimination of Section 506 is, on its face, unrelated to the payment of interest on a secured claim in a Chapter 13 plan.

A clear majority of courts have held that the hanging paragraph does not operate to prevent a Chapter 13 debtor from modifying the rate of interest to be paid on a secured 910 claim. *Drive Financial Services, L.P. v. Jordan,* 521 F.3d 343 (5th Cir. 2008); *In re Morris,* 370 B.R. 796 (E.D.Wis. 2007); *In re Harrison,* 394 B.R. 879, 883 (Bankr.N.D.Ill. 2008) (Squires,

---

[2]On this point, the Court respectfully disagrees with *In re Franklin-Kidwell,* 2008 WL 4516299 (Bankr.C.D.Ill. 2008).

J.); *In re Estrada,* 387 B.R. 875, 880 (Bankr.M.D.Fla. 2008); *In re Hopkins,* 371 B.R. 324, 327 (Bankr.N.D.Ill. 2007) (Goldgar, J.); *In re Phillips,* 362 B.R. 284, 307 (Bankr.E.D.Va. 2007); *In re Vagi,* 351 B.R. 881, 886-87 (Bankr.N.D.Ohio 2006); *In re Trejos,* 352 B.R. 249, 266-68 (Bankr.D.Nev. 2006), *aff'd* on other grounds, 374 B.R. 210 (9th Cir.BAP 2007). *Contra In re Franklin-Kidwell,* 2008 WL 4516299 (Bankr.C.D.Ill. 2008).

The Supreme Court decision in *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004), made the calculation of the interest rate to be paid on secured claims through Chapter 13 plans routine by adopting the prime-plus formula.[3] Since the enactment of BAPCPA, the argument that the hanging paragraph should be construed as an implied repeal of *Till* has been asserted in several bankruptcy courts and has been unanimously rejected. *Trejos,* 352 B.R. at 267-68 (collecting cases). Although that argument was not at issue in *Wright,* the Seventh Circuit said nothing to suggest that *Till* should not apply to 910 claims and cited *Till* with approval. *See* n.1, *infra.*

This Court agrees with the clear majority of courts and holds that the hanging paragraph, which prevents a Chapter 13 debtor from stripping down an undersecured claim to the value of the collateral, does not prevent modification of the terms by which the claim is paid under a plan, including the rate of interest payable pursuant to Section 1325(a)(5)(B)(ii).

As part of its Objection to Confirmation, MMI requested, in a section of the Objection entitled "Motion for Turnover," that the Court order the DEBTOR to return possession of the Isuzu Amigo to it on the grounds that the DEBTOR'S Plan is not feasible.

---

[3] Like some other courts, shortly after *Till* came down, this Court adopted a practice of using the prevailing prime rate plus two percentage points as a "no look" rate. *See Trejos,* 352 B.R. at 267, n.33.

Concurrently with the Objection, MMI also filed an adversary complaint against the DEBTOR. The complaint, also entitled "Motion for Turnover," is identical in form to the section of the Objection with the same heading. The motion and the complaint are misguided.

"Turnover" is not a creditor's remedy. Section 542 permits a trustee or debtor-in-possession to recover property of the estate for the benefit of the debtor or the estate through what is commonly referred to as a turnover order. Section 543 addresses turnover of property by a custodian to the trustee or the debtor. The Bankruptcy Code contains no provision requiring a debtor to turn over possession of property to a creditor. The appropriate remedy is relief from the automatic stay to allow the creditor to exercise its rights of repossession and foreclosure under state law. *In re Steinhaus,* 349 B.R. 694 (Bankr.D.Idaho 2006); *In re Silvestri,* 294 B.R. 421 (Bankr.D.R.I. 2003).

Accordingly, MMI'S "Motion for Turnover," asserted as part of its Objection to Confirmation, will be denied. Further, the adversary complaint will be dismissed as it fails to state a proper claim for relief.

Finally, MMI requests, in the alternative, that it be permitted the opportunity to present evidence that the appropriate rate of interest is greater than the 6% proposed in the DEBTOR'S Plan.[4] A secured creditor is entitled to the opportunity to attempt to prove that the risk factors in a particular case are so unusual that a rate of interest greater than the *Till* rate is justified. The creditor bears the burden of that proof. *Trejos,* 352 B.R. at 268. The Clerk will be directed to schedule a preliminary hearing to address the usual pretrial

---

[4]In its reply brief, the DEBTOR proposes to increase the interest rate to be paid on MMI'S secured claim to 7%.

issues.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###